IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAD ANTHONY GALVAN,

    Petitioner,                    No. CIV S-07-2667 GEB KJM P

   vs.

TOM FELKER,[1]

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner asserts he was denied his Fourteenth Amendment right to due process at a prison disciplinary proceeding, which resulted in the loss of 120 days' good conduct sentence credit.

I. Standard of Review

        An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any

/////

---

[1] Mr. Felker, the warden where petitioner is imprisoned, is substituted as the respondent in this case under Federal Rule of Civil Procedure 25(d).

1

claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").[2] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

>   A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth

---

[2] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 127 S. Ct. 2321, 2326-27 (2007).

2

in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

"Clearly established" federal law is that determined by the Supreme Court. Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law. Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

II. Analysis

On November 5, 2006, petitioner was found guilty at a prisoner disciplinary proceeding of the offense of possession of alcohol. Pet. at 27-28 (Ex. 1).[3]

The Superior Court of Amador County issued a reasoned decision denying petitioner's request for habeas relief filed there. See Answer, Ex. 2. That court concluded that sufficient evidence supported the disciplinary conviction petitioner sustained. Subsequently, both the appellate court and the state Supreme Court issued summary denials of the petitions petitioner submitted to those tribunals.

---

[3] Page references are to those assigned by the court's CM/ECF system.

Petitioner was found guilty under title 15 of the California Code of Regulations § 3016(a), which provides that

> [i]nmates shall not . . . possess . . . or have under their control any . . . alcohol . . . except as specifically authorized by the institution's / facility's health care staff.

In order to satisfy the Due Process Clause of the Fourteenth Amendment, prison disciplinary findings that result in an inmate's losing good conduct sentence credit must be supported by "some evidence" in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). "Some evidence" means "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." Id. at 455. In specifically declining to adopt a higher evidentiary standard, the Court in Hill explained, "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

Petitioner asserts there is no evidence to support the finding that he possessed alcohol. Petitioner also argues the standard that should have been applied at his hearing was that of "preponderance of the evidence," a higher standard than merely "some evidence." Traverse at 6-8. He appears to base this argument primarily on Wolff v. McDonnell, 418 U.S. 539 (1974). But he reads into Wolff an evidentiary standard not established by that case.

At petitioner's hearing, evidence was presented indicating that on October 30, 2006 a correctional officer searched the cell petitioner shared with one other inmate. Answer, Ex. 3 at 11. The officer noted the cell had the smell of fermenting fruit, which he described as a "strong" odor of alcohol. Id. During the search, the officer found approximately one-and-a-half gallons of a brown "semi-liquid" warm substance in a plastic bag placed inside a covered bucket lined with a garbage bag. Id. The bucket was found underneath the lower bunk in the cell. Id. As the officer disposed of the liquid, he observed chunks of corn in it and noted that the liquid itself smelled distinctively of alcohol. According to the officer, another officer, K. Linde,

"verified" that the substance was inmate-manufactured alcohol. Id. Officer Linde indicated that the appearance, smell, temperature, and texture of the "semi-liquid" substance found in petitioner's cell were consistent with inmate-manufactured alcohol in a state of fermentation, based on what she had learned in eight years of experience as a correctional officer. Id. at 13.

In light of the above, there is evidence the substance found in petitioner's cell was alcohol, that petitioner should have been aware there was alcohol in his cell based on the strong smell, and that the alcohol was found in an area to which only he and his cellmate had regular access. Taken together, this information constitutes "some evidence" that petitioner committed the offense of unauthorized possession of alcohol, or having alcohol under his control, while in prison.

Petitioner suggests his cellmate's admission at petitioner's hearing, that the manufactured alcohol was the cellmate's, requires this court to reverse the disciplinary finding. While the cellmate's admission is evidence that could have supported a finding that petitioner did not "possess" the alcohol, it does not automatically negate the evidence supporting a finding he did given the wording of the regulation he was charged with violating. Had petitioner reported to the officers that his cellmate had stashed the alcohol before they found it, the court might reach a different conclusion.

Petitioner also suggests the failure to conduct laboratory tests on the substance that was found to determine if it was alcohol, compels reversal. Again, only "some evidence" is required that the substance was in fact alcohol. Officer Linde's testimony alone is sufficient to meet that requirement here, as is the testimony of the two officers taken together. To the extent petitioner claims he had a right to have the substance tested in a laboratory under title 15 of the California Code of Regulations section 3290, petitioner's claim does not lie in these proceedings because an application for writ of habeas corpus may be granted only for a violation of federal law. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

/////

The state court's denial of petitioner's state petition thus neither ran afoul of federal law, nor unreasonably evaluated the facts of petitioner's case.

For the foregoing reasons, the court will recommend that petitioner's application for writ of habeas corpus be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 15, 2009.

_____
U.S. MAGISTRATE JUDGE

---

1

galv2667.157